UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LAWRENCE WILLIS,
    Plaintiff,

vs.                                                                                    04-1413

Lt. SCROGUM, et. al.,
    Defendants.

### PRETRIAL CASE MANAGEMENT ORDER

This cause is before the court for pretrial conference. The plaintiff appeared pro se. The defendants were represented by Assistant Attorney Generals Chris Higgerson and David Walter. The court reviewed the proposed pretrial order with both parties at great length. Defense counsel was directed to resubmit a final pretrial order including the revisions made during the hearing.

The plaintiff also stated during the pretrial hearing that he wished to waive his right to a jury trial and proceed to a bench trial. The defendants also agreed to a bench trial. The trial date was continued to February 5, 2007 at 9:00 a.m. at the Federal Courthouse in Urbana, Illinois.

### SURVIVING CLAIMS

The plaintiff has 12 surviving claims including a claim that Defendant Chad Altenbomer violated the Eighth Amendment when he spit in the plaintiff's face on April 30, 2003. This claim was not addressed in the defendants' summary judgement motions. On its own motion, the court will dismiss this claim. "An Eighth Amendment claim cannot be predicated on a *de minimus* use of force."*O'Malley v. Litscher*, 465 F.3d 799, 805 (7th Cir. 2006), *see also Filmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). The court finds that while certainly not commendable, an officer spitting on an inmate does not rise to the level of an Eighth Amendment violation. *See Brown v. Vaughn,* 1992 WL 75008 (E.D. Pa. March 31, 1992) (allegations that guard struck inmate in the chest and spit on him were *de minimus.*) In addition, this incident involving Defendant Altenbomer can be more appropriately addressed in the plaintiff's claim that the defendants retaliated against him for past grievances.

The plaintiff also made an oral motion to reconsider the court's December 21, 2006 Court Order dismissing his claims that the defendants were deliberately indifferent to his serious medical care. The plaintiff says he did not receive medical care on the days he was assaulted, and never received medical care after the June 15, 2003 assault. The plaintiff's oral motion is denied.

As the court pointed out, the plaintiff's complaint alleges that he was assaulted on December 7 and December 25 in 2002 and January 15, June 15 and August 17 in 2003. The evidence presented by the defendants in the motion for summary judgement demonstrated that the plaintiff was seen and treated by medical staff on December 12, 2002; December 26, 2002;

January 16, 2003 and August 19, 2003.  There was no evidence presented to the court that the plaintiff put in a request for medical care after the June 15, 2003 allegation.

Although it is clear the plaintiff did not receive prompt medical care, he was not able to demonstrate that the delay in receiving medical care rose to a constitutional violation. *See* December 21, 2060 Court Order.  The plaintiff did not demonstrate that the delays had any detrimental impact on his health.  In addition, Dr. Funk stated that there was no medical evidence that the plaintiff suffered from a serious medical need on any of the occasions that he was seen by health care professionals.

## SURVIVING DEFENDANTS

The defendants also state that they believe one of the named defendants was incorrectly identified.   The plaintiff was not aware of Defendant McCormick's first name and therefore sent service of process by simply identifying "Correctional Officer McCormick."   Pontiac Correctional Center accepted service on behalf of the only McCormick working at the prison at the time, Kurt McCormick.

At the pretrial conference, the defendants state that a review of logs at the time of the alleged incidents leads them to believe the officer on duty at the time was David McCormick. However, David McCormick was not employed at Pontiac Correctional Center at the time this lawsuit was initiated.   The plaintiff states that he is not sure which defendant is correct since he only knew the officer by his last name, but therefore asked the court to add Defendant David McCormick.

Rule 15(c) of the Federal Rules of Civil Procedure determines whether or not a plaintiff may amend his complaint to add a new defendant once the statute of limitations period has run. Amendments changing the party or the naming of a party "relates back" to the date of the original filing of the complaint if:

> . . . [the claim arose from the same conduct asserted in the original complaint] and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. Fed. R. Civ. Proc. 15(c)(3).

The plaintiff can not demonstrate that the Officer David McCormick had knowledge of the lawsuit within the 120 service period. *See* Federal Rule of Civil Procedure 4(m).  David McCormick no longer worked at Pontiac Correctional Center at the time the lawsuit was filed. In addition, the plaintiff in this case admits he did not know the first name of the defendant he intended to sue. "This lack of knowledge of the correct defendant, albeit a common problem in prisoner pro se suits, is, unfortunately for this plaintiff, not a reason to allow the relation back to the date of filing of the complaint."*Wilson v. Howell*, 2002 WL 31572583 at 3 (N.D. Ill.  Nov. 19, 2002*)*.

The plaintiff did point out that he never identified "David" McCormick, but simply stated it was Officer McCormick, and it was the defendants who chose "Kurt" McCormick. The court recognizes that the Supreme Court has noted that "the spirt and inclination" of Rule 15(c) favors "decisions on the merits" and rejects "an approach that pleading is a game of skill in which one misstep may be decisive.'" *Schiavone v Fortune*, 477 U.S. 21, 27 (1986); *see also Hill v. Shelander,* 924 F.2d 1370, 1375 (7th Cir. 1991). Nonetheless, the Supreme Court also held that the "linchpin is notice, and notice within the limitations period." *Schiavone*, 477 U.S. at 31. The court cannot find that Defendant David McCormick had proper notice in this case.

Lastly, the court notes that this case is now more than two years and on the eve of trial. For all the above reasons, David McCormick will not be added as a defendant in this litigation. The plaintiff has asked that Defendant Kurt McCormick remain in the case since he is not certain which person is the officer he intended to sue.

## TRIAL WITNESSES AND EXHIBITS

The court reviewed the witnesses the plaintiff wishes to call at trial. The plaintiff has requested the following inmate witnesses which will testify by video conferencing during the bench trial: Inmate Bobby Ford, Jesse Jones, Carl Hicks, Spencer Ellis Rose, Chris Knox, Daryl Mitchell, Charles Sanders and Terry Young.

The plaintiff was also informed that some of his inmate witnesses have been discharged from custody and at least one correctional staff witness is no longer employed by the Department of Corrections. This includes former inmate Virgil Harden, former inmate Raymond Bailey and former employee Tom Collins. The plaintiff states that he is unable to afford service of process. Therefore, the defendants will provide the last known address for these individuals and the clerk of the court will mail service of process to these individuals. The plaintiff was advised that these individuals may or may not appear at trial.

The plaintiff also corrected the names of two witnesses. Defense counsel is to confirm the location of Officer "Jay" Robinson and "Billy" Austin so these individuals can testify by video conferencing. The plaintiff was further advised that witnesses Christopher Brady and Michael Jackson are on military leave and will not be available to testify at trial.

The plaintiff also requested that Dr. Vade be added to his witness list. Dr. Vade is currently on the defendants' witness list and they are to make the doctor available to testify for the plaintiff.

The defendants are to bring the plaintiff's medical records to the trial on February 5, 2007. In addition, the plaintiff must bring a copy of any other exhibits he plans to admit at trial.

The plaintiff's oral motion for appointment of counsel or to allow him to bring another inmate to represent him at trial are denied. The plaintiff is articulate and organized and

understands the claims in his case.  The case is not difficult and the plaintiff appears capable of representing himself.

## MOTION IN LIMINE

The plaintiff has also filed a motion in limine asking for the court to prevent the defendants from introducing evidence of his disciplinary or criminal background and to prevent the defendants from "producing hearsay information and witnesses at trial." [d/e 95, p.1].  The motion is denied.  The court will consider the admissibility of specific evidence at trial.

**IT IS THEREFORE ORDERED that:**

**1) Both the plaintiff and defendants have agreed to waive the right to a jury trial and proceed to a bench trial.   The trial of this matter is now scheduled for February 5, 2007 at 9:00 a.m. at the Federal Courthouse in Urbana, Illinois. The clerk of the court is to issue a writ for the plaintiff's personal appearance at trial.**

**2)  Defense counsel is to submit a revised Final Pretrial Order reflecting the changes made during the January 12, 2007 pretrial conference.  The defendant must submit the order to the clerk of the court on or before Tuesday, January 16, 2007.**

**3) On its own motion, the court will dismiss the plaintiff's claim that Defendant Chad Altenbomer violated the Eighth Amendment when he spit in the plaintiff's face on April 30, 2003.**

**4) The plaintiff's oral motion to reconsider the Court's December 21, 2006 Court Order dismissing his claims that the defendants were deliberately indifferent to his serious medical needs is denied.**

**5) The plaintiff's oral motion to add Defendant "David" McCormick to this lawsuit is denied.  "David" McCormick did not have proper notice of this lawsuit as required.  Defendant "Kurt" McCormick remains in this lawsuit as requested by the plaintiff.**

**6) Defense counsel is to provide the last known address for Witnesses Virgil Harden, Raymond Bailey and Tom Collins to the Clerk of the Court on or before Tuesday, January 16, 2007.   The addresses will be kept under seal and the Clerk of the Court will mail subpoenas to these individuals at their last known address.**

**7) Plaintiff's oral motion for appointment of counsel or to have a jail house lawyer assist him at trial is denied.**

**8) Plaintiff's motion in limine is denied. [d/e 95]**

**9) Defense counsel is to bring the plaintiff's medical records to trial.   Defense**

counsel is also to make sure that witness Dr. Vade is available as a witness for the plaintiff during the trial even if the defendants decide to drop Dr. Vade from own witness list.

10) Defense counsel is to confirm the location of all witnesses who will testify by video conferencing at the trial with the Clerk of the Court on or before Friday, January 19, 2007.

11) The parties are to bring copies of any exhibits they plan to admit at trial. Defense counsel is directed to make sure that the Pontiac Correctional Center allows the plaintiff to make and bring copies of his exhibits as well as his trial notes to the February 5, 2007 trial.

ENTERED this 12th day of January, 2007.


s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE