UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LAWRENCE WILLIS,
    Plaintiff,

vs.                                             04-1413

DALE SCROGUM, et al.,
    Defendants.

**CASE MANAGEMENT ORDER**

This case is currently set for bench trial on February 5, 2007 at 9:00 a.m.   The court has recently held that this trial will be conducted completely by video conferencing. *See* January 30, 3007 Text Order.  Ideally, a plaintiff should be present at the trial of his own civil rights lawsuit.  However, a prisoner-plaintiff does not have a constitutional right to be physically present during a civil trial, even if the plaintiff initiated the lawsuit. *Stone v. Morris*, 546 F.2d 730, 735 (7th Cir. 1976).   The court "must weigh the interest of the plaintiff in presenting his testimony in person, against the interest of the state in maintaining the confinement of the plaintiff-prisoner." *Id.*

Several courts, including the Seventh Circuit, have outlined factors to be considered in determining whether an inmate should be brought to the trial of his civil claims.  The district court should consider: (1) the expense of transporting and safekeeping the plaintiff; (2) any potential danger or security risk; (3) the possibility of delaying the trial until the prisoner is released; (4) the integrity of the correctional system; (5) the interest of the inmate in presenting his testimony in person; and (6) whether the prisoner's presence will substantially further the resolution of the case. *See Stone v. Morris*, 546 F.2d at  735; *Ballard  v. Spradley*, 557 F.2d 476 (5th Cir. 1977); *Holt v. Pitts*, 619 F.2d 558 (6th Cir. 1980); and  *Poole v. Lambert*, 819 F. 2d 1025 (11th Cir. 1987).

Since the trial date was set in this case, the plaintiff has been transferred to the higher security institution of Stateville Correctional Center.  Plans for an escape from the plaintiff's previous institution, Pontiac Correctional Center, were found in the plaintiff's cell.  The plaintiff is currently listed as an extremely high escape risk.  In addition, he has accumulated segregation time until the year 2037. To transport the plaintiff to the courthouse, additional officers and security measures would be required.

The court finds that there are compelling reasons for not transporting the plaintiff to the courtroom for his trial.  Substantial time, resources, and risk can be avoided.  The plaintiff will be allowed to appear by interactive video conferencing.   This will allow the plaintiff to actively participate in the trial and present his testimony directly to the court.

      In addition, the defendants and defense counsel will also present their evidence to the court by video conferencing. The court finds that fundamental fairness can best be achieved by conducting the trial completely by interactive video conferencing. All participants will be able to see and hear all other participants during the trial.

      **IT IS THEREFORE ORDERED that the bench trial scheduled for February 5, 2007 at 9:00 a.m. will be conducted completely by interactive video conferencing.**

ENTER: February 1, 2007.

                                            s\Harold A. Baker
                                _____
                                    HAROLD A. BAKER
                             UNITED STATES DISTRICT JUDGE